IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **RAKEIM JAQUIN HILLSMAN,** | : | |
| **Plaintiff,** | : | |
| V. | : | NO. 3:24-cv-00072-TES-CHW |
| **MICHAEL MOORE,** *et al.*, | : | |
| **Defendants.** | : | |

### ORDER OF DISMISSAL

Plaintiff Rakeim Jaquin Hillsman, a prisoner in the Clarke County Jail in Athens, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983, and two supplements to that complaint. Compl., ECF No. 1; Suppl., ECF No. 4; Second Suppl., ECF No. 5. Based on Plaintiff's allegations and requests for relief, the United States Magistrate Judge noted that it was unclear whether Plaintiff actually intended to proceed under 42 U.S.C. § 1983 or whether, instead, Plaintiff intended to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Order to Recast, ECF No. 6. The Magistrate Judge therefore ordered Plaintiff to either recast his complaint or file a habeas corpus petition, depending on the claims that he intended to raise and the relief that he was seeking. *Id.* Plaintiff has now filed a recast 42 U.S.C. § 1983 complaint. Recast Compl., ECF No. 7. Thus, Plaintiff has clarified that he intends to proceed under this provision.

Before the Court may consider Plaintiff's complaint, the Court must resolve Plaintiff's pending motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement,

ECF No. 8.  Notably, Plaintiff may not proceed *in forma pauperis* under 42 U.S.C. § 1983 because, as discussed below, federal courts have dismissed at least three of Plaintiff's prior lawsuits for failing to state a claim.  These dismissals count as "strikes" under § 1983, and Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.  Therefore, the Court now **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** his complaint **WITHOUT PREJUDICE**.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Under § 1915(g), a prisoner incurs a "strike" any time a court dismisses the prisoner's federal lawsuit or appeal on the grounds that the suit is frivolous or malicious or that it fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  Once a prisoner incurs three strikes, a court may not grant him leave to proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury.  *Id.*

Having reviewed court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database, the Court finds that Plaintiff has filed at least three federal lawsuits or appeals that federal courts have dismissed as frivolous or

malicious or for failure to state a claim. *See* Order Adopting R. & R., *Hillsman v. Edwards*, Case No. 3:19-cv-00056-CAR-CHW (M.D. Ga. Feb. 13, 2020), ECF No. 14 (dismissing complaint for failure to state a claim); Order Adopting R. & R., *Hillsman v. Martin*, Case No. 3:19-cv-00038-CAR-CHW (M.D. Ga. Feb. 13, 2020), ECF No. 15 (same); Order Adopting R. & R., *Hillsman v. Madison*, Case No. 3:19-cv-00031-CAR-CHW (M.D. Ga. Jan. 13, 2020), ECF No. 20 (same). Accordingly, 28 U.S.C. § 1915(g) bars Plaintiff from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). A court should only apply the exception to § 1915(g) in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the recast complaint, Plaintiff only raises arguments relating to his sentence and his contention that he should already be out of custody. Recast Compl. 2, ECF No. 7. Plaintiff's allegations do not show that he is in any danger of physical injury, much less

3

that he is in imminent danger of serious physical injury. Therefore, the Court now **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** his complaint **WITHOUT PREJUDICE**.[1]

    **SO ORDERED**, this 16th day of September, 2024.

                                            S/ Tilman E. Self, III_____
                                            **TILMAN E. SELF, III, JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when a court denies *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee. Thus, if Plaintiff wants the Court to consider his claims, he may file a new complaint and pay the full filing fee.